UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD MICHAEL SIMMONS,

        Petitioner,                  Case Number: 07-CV-14379
                                                  Honorable Marianne O. Battani

v.

MILLICENT WARREN,

        Respondent.
        _____/

## OPINION AND ORDER TRANSFERRING SECOND PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

The petitioner, Donald Michael Simmons, presently confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of armed robbery and felonious assault following a jury trial in Wayne County Circuit Court. The petitioner alleges that his convictions were obtained in violation of the Constitution because his rights under the Confrontation Clause were violated, his trial and appellate counsel were ineffective, and the trial court erroneously sentenced him beyond the sentencing guidelines. The petitioner previously filed a habeas corpus petition challenging these convictions. The Court concludes that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), over which this Court lacks jurisdiction. The Court, therefore, will transfer the matter to the Court of Appeals so that the petitioner may seek permission to proceed.

I.

The petitioner was charged in Wayne County Circuit Court with armed robbery, Mich. Comp. Laws § 750.529, and felonious assault, Mich. Comp. Laws § 750.82. Following a jury trial,

he was convicted as charged and sentenced to twenty to thirty years imprisonment for the armed robbery conviction and two to four years imprisonment for the felonious assault conviction.

The petitioner filed an appeal of right in the Michigan Court of Appeals, which affirmed the conviction. *People v. Simmons*, No. 204006 (Mich. Ct. App. Jan. 21, 2000). He filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Simmons,* 463 Mich. 857, 617 N.W.2d 337 (Mich. Aug. 22, 2000).

The petitioner then filed a petition for a writ of habeas corpus in this Court challenging his armed robbery and felonious assault convictions. The petition was assigned to the Honorable Marianne O. Battani. In that petition, the petitioner argued: (i) his arrest was illegal; (ii) the trial court should have suppressed the complainant's in-court identification of the petitioner; (iii) the trial court erred in denying the defense motion for a mistrial; (iv) the prosecutor engaged in misconduct; (v) newly discovered evidence established justice was not served in his case; and (vi) his trial counsel was ineffective. The Court denied the petition, holding that the claims lacked merit. *Simmons v. Jones,* No. 00-cv-60441 (E.D. Mich. Feb. 13, 2003) (Battani, J.).

The petitioner has now filed the pending petition for a writ of habeas corpus, claiming that his convictions were obtained in violation of the Constitution because: (i) the Confrontation Clause was violated; (ii) his trial and appellate counsel were ineffective; and (iii) the trial court impermissibly departed from the sentencing guidelines.

## II.

The petitioner already has filed a petition for a writ of habeas corpus challenging the convictions challenged in the present petition. 28 U.S.C. § 2244(b)(3)(A) provides, in pertinent part:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an

order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

The petitioner's prior habeas corpus petition was adjudicated on the merits. The petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a second or successive petition in this Court. The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Court must transfer the petition regardless of the apparent merits of the claim presented because the Court lacks jurisdiction to consider a successive habeas petition when prior authorization for filing the successive petition has not been obtained from the court of appeals. *Id.*

III.

The Court lacks jurisdiction over this successive petition for writ of habeas corpus, 28 U.S.C. §2244(b)(3), and the matter must be transferred to the court of appeals.

Accordingly, it is **ORDERED** that the Clerk shall **TRANSFER** the petition to the United States Court of Appeals for the Sixth Circuit.

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

DATED: December 5, 2007